IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ b.d.

05 SEP -2 PM 3:10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| WANDA S. FARMER, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-2574-D/P |
| TENNESSEE AIR NATIONAL GUARD, UNITED STATES DEPARTMENT OF THE AIR FORCE, JAMES D. ROCHE, SECRETARY OF THE AIR FORCE, COLONEL GARY T. HICKS, COLONEL JAMES O. HALL, | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is the motion (dkt. #15) of Defendants Tennessee Air National Guard, United States Department of the Air Force, James D. Roche, Secretary of the Air Force, Colonel Garry T. Hicks, and Colonel James O. Hall, ("Defendants") to dismiss Plaintiff, Wanda S. Farmer's, ("Plaintiff") complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff alleged violations under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. (2004); 42 U.S.C. § 1983; and the Due Process Clause of the Fourteenth Amendment. Defendants argue that the Court lacks subject matter jurisdiction as military personnel may not bring suit against the armed forces or military superiors for incidents arising out of or in the course of their military service. For the following reasons, the Court grants Defendants' motion to dismiss

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

22

without legal prejudice and gives Plaintiff leave to amend her complaint.

## I. Factual Background[1]

Plaintiff, a Caucasian female, was hired by the Defendant on September 10, 1988 as a Computer and Communication Planning and Programing Manager in Communications Flight. In April, 1995, she transferred to 155 Air Squadron as a C141 Load Master. In October, 2000, Plaintiff transferred to Active Guard Reserve and into her current position as a Computer Assistant in Communications Flight.

On January 7, 2002, Plaintiff informed Dale Pollet that he was the subject of rumors circulating the workplace concerning an alleged affair between Pollet and a female employee, Joyce Bennett. Both Pollet and Bennett are non commissioned officers. On the same day, Lieutenant Colonel James O. Hall told Plaintiff that she needed to know her place, to keep her comments to herself, and further stated that she needed to have her legs broken for interfering in male business.

Thereafter, Plaintiff was the subject of successive acts by her superiors and her co-workers that created an alleged hostile work environment. Dale Pollet, Larry Holland, Plaintiff's supervisor and Chief of Communications Flight, and Joyce Bennett ostracized Plaintiff by leaving all of her assignments on 'sticky' notes. On February 20, 2002, upon a return from vacation, Plaintiff found the contents of her office packed away in boxes. During this period, Plaintiff experienced stress-related health problems, including fatigue, headaches, and problems sleeping which led to a diagnosis of fibromyalgia. On March 19, 2002, Colonel Garry T. Hicks, the support group commander, placed Plaintiff on thirty days leave. Colonel Hall ordered Plaintiff to undergo a mental health evaluation during her leave. As a result, Plaintiff did not work for the six weeks she awaited

---

[1]The Court takes the facts from Plaintiff's amended complaint on this motion to dismiss.

2

the results of the evaluation. After her return, Plaintiff's work environment allegedly grew even more hostile and included ridicule from supervisory personnel. After filing a complaint with the Inspector General of the Air National Guard regarding the order to undergo a mental health evaluation, the Inspector General told Plaintiff, "he believed all women going through menopause needed to see a psychiatrist." Pl. Amend. Compl. ¶ 4-5.

On May 23, 2003 Plaintiff learned that she had been the target of identity theft when she received a call from the local newspaper regarding the sale of her pet. Subsequently, Plaintiff's utilities were disconnected, her phone service was changed, and funds were withdrawn from her account to pay for the unauthorized changes. Plaintiff reported the theft to Air Guard Security. An investigation led to the May 3, 2004 criminal conviction of a co-worker, Jim Silk, for harassment. Following the conviction, Colonel Hicks warned Plaintiff not to discuss Silk's conviction with friends or family members, calling Silk's actions "boyish pranks." Pl. Amend. Compl. ¶ 6.

Plaintiff sought internal assistance to combat the discrimination and hostility she encountered in the workplace. On August, 2003, she filed a complaint with Military Equal Opportunity against Colonel Hall. Thereafter, on March 9, 2004, Colonel Hicks agreed to extend Plaintiff's enlistment for one year on the condition that the she exit the Tennessee Air National Guard on a medical discharge. Plaintiff filed an EEOC complaint alleging discrimination and a continuous hostile work environment in May of 2004. She later received a 90-day notice of termination from Defendant effective September 30, 2004. After Plaintiff reported to the EEOC a continuing violation of discrimination and retaliation for her prior filing, her enlistment was extended to September, 2005. Plaintiff later filed suit against Defendants alleging discrimination, hostile work environment, and retaliation pursuant to Title VII.

Defendants filed the instant motion to dismiss on April 22, 2005, arguing that (1) sovereign immunity prevents the United States from being party to a suit absent express consent, (2) there is no statutory authority establishing jurisdiction of Title VII action against the military, and, (3) intra-military immunity prevents Title VII claims by members of the military

Plaintiff filed a response on July 29, 2005. Plaintiff argues that (1) federal officials who violate an individual's constitutional rights may be sued pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), (2) civilian courts may entertain suits regarding military service in the limited circumstance that the Tennessee Air National Guard is a state agency and, (3) although her complaint does not specifically enumerate a claim under 42 U.S.C. § 1985, the allegations of her claim assert the violation and will be added if allowed to proceed.

## II. Legal Standard

The basis of Defendants' motion is a question of subject matter jurisdiction, which the court considers under Rule 12(b)(1). See Armbruster v. Quinn, 711 F.2d 1332, 1335 (6th Cir. 1983). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. Amen v. City of Dearborn, 532 F.2d 554, 560 (6th Cir. 1976). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. Id. On a 12(b)(1) motion, the Court has the power to resolve factual disputes. RMI Titanium Co. v.

Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

When the court elects to decide the jurisdictional issue on the written materials submitted, the plaintiff is required only to make a prima facie case of jurisdiction. Armbruster, 711 F.2d at 1335. In other words, the plaintiff must only "demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." Id. (citations omitted). The Court must consider the pleadings and affidavits in the light most favorable to the plaintiff. Id. If it is determined that the court lacks subject matter jurisdiction, "the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. Analysis

### A. Sovereign Immunity

The Supreme Court has ruled that there is no remedy available for tort claims arising "incident to military service." Feres v. United States, 340 U.S. 135, 138 (1950). Although courts have jurisdiction to provide civilians relief from the "deprivation of rights, privileges, or immunities secured by the Constitution and law," this provision does not apply to military officers. 42 U.S.C. § 1983. The Court explicitly stated that Congress is "the constitutionally authorized source of authority over the military system of justice" and "has not provided a damage remedy for claims by military personnel that constitutional rights have been violated by superior officers." Chappell v. Wallace, 462 U.S. 296, 304 (1983). The Court further explicated, "any action to provide a judicial response by way of such a remedy would be plainly inconsistent with Congress's authority in this field." Id.

Plaintiff argues that her claims for relief are "not service connected actions" and "involve acts foreign to the military service and were criminal in nature." Pl. Resp. to Mot. to Dismiss ¶ 3.

5

Plaintiff also argues that the Supreme Court may grant relief "for a damage suit against federal officials whose actions violate[d] an individual's constitutional rights even though Congress has not expressly authorized such suits." Id. at 2, citing Bivens, 403 U.S. 388. However, courts have explicitly barred § 1983 claims by military personnel against their commanders. See Brown v. U.S., 739 F.2d 362 (8th Cir. 1984). This was the case even where a suicide attempt was deemed to be the proximate result of a racially motivated assault that occurred during military service. Id. In Brown, the court barred the plaintiff's claims against his superior officers for failing to prevent the incident and to provide a proper investigation under Feres, yet allowed claims against military defendants who participated in the incident. Id. at 369. See Feres, 340 U.S. at 138. Thus, in light of established precedent, this Court does not have jurisdiction to hear Plaintiff's § 1983 claims against Defendants.

Plaintiff suffered a criminal violation by a co-worker. Criminal violations are not considered incident to military service. See Lutz v. Secretary of the Air Force, 944 F.2d 1477 (9th Cir. 1991). Plaintiff asks to be allowed to add a § 1985 claim to her complaint. Title 42 of the United States Code, Section 1985 imposes liability for persons who "conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof..." 42 U.S.C. § 1985 (1). The Ninth Circuit allowed a § 1985 claim to proceed against subordinates who broke into a superior's office and disseminated the contents of her private mail to others. See Lutz, 944 F.2d 1477. Plaintiff alleged that her co-workers conspired to create a hostile work environment, leading to criminal theft, illness, and absence from work. In Lutz, the Court reasoned that "not every action by one member of the armed services against another implicates military decision making, relates to the military mission or is incident to service." Id. at 1484. This Court does have jurisdiction to hear a claim that arises out of events not incident to Plaintiff's military service, namely, events that provided the basis for

6

John Silk's criminal activity. Therefore, the Court dismisses Plaintiff's § 1983 claim and grants the Plaintiff leave to amend her complaint to include a claim under § 1985.

### B. Title VII

Discriminatory practices are precluded in personnel actions affecting employees or applicants for employment in military departments, pursuant to Title VII. See 42 U.S.C. Sec. 2000e-16(a). However this provision does not apply to uniformed members of the armed forces. 29 C.F.R. § 1614.103(d)(1). Both Congress and the courts recognize two parallel systems of justice: one for civilians and one for military personnel. Chappell v. Wallace, 462 U.S. 296, 304 - 05 (1983), *citing* Burns v. Wilson, 346 U.S. 137 at 140 (1953). This policy was designed because any liability imposed by the courts, "would undermine the need for unhesitating and decisive action for military officials and equally disciplined responses by military personnel." Chappell, 462 U.S. at 305.

Pursuant to the intra-military immunity doctrine, this Court lacks jurisdiction in the Title VII action brought by the Plaintiff. Plaintiff alleges that employment by the Tennessee Air National Guard and her duties therein classify her as a state employee. Pl. Resp. to Def. Mot. to Dismiss. However, it has been firmly established that military immunity applies to state national guards. See Gilligan v. Morgan, 413 U.S. 1 (1973). See also, Fisher v. Peters, 249 F.3d 433 (6th Cir. 2001) Similarly, Plaintiff's non-military job functions as a Computer and Communications Programming Manager and a Computer Assistant do not provide the Court jurisdiction. In Leistko, the court held that it did not have jurisdiction to hear a discrimination claim from a plaintiff who was employed in a hybrid military position as a federal civilian technician and a member of the Ohio National Guard. Leistko v. Stone, 922 F. Supp 66, 69 (6th Cir. 1996). Since courts have already determined Plaintiff's employment status to be "irreducibly military in nature," this Court lacks jurisdiction to hear her claim. Id. at 75. Therefore, Plaintiff's Title VII claims of discrimination, hostile work

7

environment, and retaliation are dismissed.

## IV. Conclusion

Notwithstanding Plaintiff's allegations, the Court finds that it has no jurisdiction to hear her claims. Accordingly, the Court **GRANTS** Defendant's motion to dismiss. However, the Court grants Plaintiff 30 days leave to amend her complaint to allege a claim under 42 U.S.C. § 1985.

**IT IS SO ORDERED** this __2nd__ day of __September__ 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 2:04-CV-02574 was distributed by fax, mail, or direct printing on September 8, 2005 to the parties listed.

---

Linda Kendall Garner
LAW OFFICE OF LINDA KENDALL GARNER
217 Exchange Ave.
Memphis, TN 38105

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT