IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WANDA S. FARMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-02574 DP |
| | ) | |
| TENNESSEE AIR NATIONAL GUARD, UNITED STATES DEPARTMENT OF THE AIR FORCE, JAMES D. ROCHE, SECRETARY OF THE AIR FORCE, COLONEL GARY T. HICKS, COLONEL JAMES O. HALL | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

Before the Court is the motion of the Defendants to dismiss the Amended Complaint and to deny the application for a preliminary injunction filed by the Plaintiff Wanda S. Farmer. The plaintiff was an Active Guard-Reserve ("AGR"), an Air National Guard ("ANG") member serving in Active Guard Reserve Status pursuant to Title 32, 10 U.S.C. § 502(f) who was not selected for continuation in the AGR program. She originally brought an action against the Tennessee Air National Guard, the United States Air Force, James D. Roche, Secretary of the Air Force, Colonel Gary T. Hicks and Colonel James O. Hall, alleging race discrimination, hostile work environment and reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. On April 22, 2005, Defendants filed a Motion to Dismiss contending that the Court lacked subject matter jurisdiction based on sovereign immunity. By Order dated September 2, 2005, the Court granted Defendant's

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

Motion to Dismiss. On September 22, 2005, Plaintiff filed "Amended Complaint of Employment Conspiracy." The plaintiff essentially restated the allegations of the earlier complaint, added three counts alleging conspiracy, and added 42 U.S.C. §1985 as the jurisdictional basis. In addition, Plaintiff filed an Application for Preliminary Injunction seeking an order enjoining defendants from terminating Plaintiff from her position as Administrative Clerk in the Air Guard Reserve on September 30, 2005. On September 29, 2005, Defendants filed a Motion to Dismiss the amended complaint and responded to Plaintiff's application for injunction. Plaintiff was separated from the ANG on September 30, 2005. A hearing was held on Plaintiff's application for injunctive relief on October 11, 2005, with argument of counsel and testimony by the Plaintiff. For the following reasons, the Court grants Defendants' motion to dismiss and denies Plaintiff's application for injunctive relief.

The Defendants have moved for dismissal pursuant to Rule 12(b)(1), Fed.R.Civ.P. Defendants contend that the Court lacks subject matter jurisdiction. In considering a motion to dismiss pursuant to rule 12(b)(1), the Court is not restricted to the face of the pleadings, but has the discretion to review any evidence, including affidavits and other document evidence, as well as to conduct a limited evidentiary hearing, which was done in this case. Once challenged, the burden is on the party seeking to invoke the court's jurisdiction to establish and prove that such jurisdiction exists. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Based on the record of this case, the Court concludes that the actions complained of in the amended complaint arose out of or were incident to military service, and, therefore, fall squarely within the zone protected by *Feres v. United States*, 340 U.S. 135 (1950), and its progeny. Further, Plaintiff's attempt to utilize 42 U.S.C. § 1985 as the jurisdictional basis for the amended complaint

2

must fail for the following reasons: 1) The United States, its agencies and officers are immune to suit under §1985. *See, Omeli v. National Council of Senior Citizens*, 2001 WL 700849 (6th Cir., July 11, 2001), *cert. denied*, 534 U.S. 1026, 122 S.Ct. 559(2001) *citing, Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); 2) Even if the Court had subject matter jurisdiction pursuant to §1985, the case is barred by the applicable statute of limitations; and, 3) The Plaintiff failed to state a claim upon which relief may be granted pursuant to §1985. *See, Rule 12(b)(6), Fed.R.Civ.P.*

Accordingly, Defendants' motion to dismiss is hereby **GRANTED**.[1]

**IT IS SO ORDERED** this 15 day of December, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

---

[1] The dismissal of this case renders Plaintiff's application for injunctive relief moot.

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02574 was distributed by fax, mail, or direct printing on December 20, 2005 to the parties listed.

---

Linda Kendall Garner
LAW OFFICE OF LINDA KENDALL GARNER
217 Exchange Ave.
Memphis, TN 38105

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT